Filed 7/22/13  Jovaag v. Ott CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JORY A. JOVAAG,<br><br>   Cross-Complainant and Appellant,<br><br>   v.<br><br>DONALD R. OTT et al.,<br><br>   Cross-Defendants and Respondents. | H038467<br>(Santa Clara County<br> Super. Ct. No. CV210782) |

This appeal is one in a series of appeals brought by Jory A. Jovaag related to the termination of her 29-year purported common-law marriage to Donald Ott, and Ms. Jovaag's action against Mr. Ott over the division of the couple's jointly held property.[1]

The present appeal is of the trial court's order granting Mr. Ott and his attorney, Daniel Jensen's special motion to strike ("anti-SLAPP" motion) against Ms. Jovaag, and dismissing Ms. Jovaag's cross-complaint against Mr. Ott and Mr. Jensen.  Ms. Jovaag, who is proceeding in propria perona, asserts on appeal that the trial court erred in granting the anti-SLAPP motion, because it applied the wrong legal standard under Code of Civil Procedure section 425.16.

---

[1] *Jovaag v. Ott*, Santa Clara County Superior Court No. CV119884.

STATEMENT OF THE CASE

The underlying action for division of Ms. Jovaag and Mr. Ott's jointly held property was tried in May 2011. The court ruled in favor of Mr. Ott, and issued an injunction freezing all of Ms. Jovaag's accounts. Ms. Jovaag and Mr. Ott appeared for further hearing on the matter on May 16, 2011, and entered into a global settlement of all issues.

On June 16, 2011, Ms. Jovaag and Mr. Ott entered into a stipulation and order for the immediate transfer of Ms. Jovaag's $370,000 in securities held in the Janus account to Mr. Ott to partially fulfill the terms of the settlement agreement.

On June 30, 2011, the court entered judgment against Ms. Jovaag, and ordered her to pay Mr. Ott $967,800, with post-judgment interest in the amount of 10 percent per year. Ms. Jovaag did not transfer the funds as required under the settlement agreement.

On July 26, 2011, a writ of execution and notice of levy were forwarded to Janus, along with other investment account providers in the amount of $895,034.41.

In August 2011, the court denied Ms. Jovaag's claim of exemptions. Ms. Jovaag promptly filed a notice of appeal of the judgment with this court. On December 6, 2011, this court granted Mr. Ott's motion to dismiss Ms. Jovaag'a appeal. On January 4, 2012, this court denied Ms. Jovaag's motion to set-aside the dismissal of the appeal. The California Supreme Court denied Ms. Jovaag's petition for review on February 15, 2012, and this court issued the remittitur.

In October 2011, Janus filed a complaint for interpleader against Ms. Jovaag and Mr. Ott in superior court case No. CV210782. Janus liquidated funds in Ms. Jovaag and Mr. Ott's account and deposited them with the clerk of the court.

On December 2, 2011, Ms. Jovaag responded to the interpleader complaint by filing a cross-complaint against Janus, Mr. Ott and Mr. Jensen. The cross-complaint

2

alleged a number of different causes of action, including breach of contract, negligence, fraud, intentional infliction of emotional distress, and misrepresentation.

On January 27, 2012, Mr. Jensen filed an anti-SLAPP motion pursuant to Code of Civil Procedure section 425.16.[2] Mr. Ott filed an anti-SLAPP motion soon thereafter. The court granted the motions which the court and on May 10, 2012, dismissing Ms. Jovaag's cross-complaint. Ms. Jovaag filed a notice of appeal.

## DISCUSSION

On appeal, Ms. Jovaag asserts the court applied the wrong legal standard in considering Mt. Ott's and Mr. Jensen's anti-SLAPP motion.

A SLAPP, or Strategic Lawsuit Against Public Participation, is an unsubstantiated lawsuit arising from the defendant's constitutionally protected speech or petitioning activity. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 60 (*Equilon*).) Section 425.16 was enacted in 1992 to address the "disturbing increase" in the frequency of these meritless harassing lawsuits. (§ 425.16, subd. (a); *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1126.) It was the Legislature's finding "that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly." (§ 425.16, subd. (a).) The statute was thus designed to deter meritless actions that "deplete 'the defendant's energy' and drain 'his or her resources' [citation], . . . ' " . . . by ending them early and without great cost to the SLAPP target" ' [citation]." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.)

Section 425.16 expressly provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a

_____

[2] All unspecified statutory references are to the Code of Civil Procedure.

3

public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) In evaluating a motion under the statute the trial court engages in "a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon, supra*, 29 Cal.4th at p. 67.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

On appeal we review the entire record de novo to decide whether the defendant has shown that section 425.16 applies and, if so, whether the plaintiff has shown a probability of prevailing. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999.) "Accordingly, we independently determine whether the challenged cause of action arose from the defendant's exercise of the constitutional right of petition or free speech—and if so, whether the plaintiff has demonstrated a probability of prevailing on the merits of the claim." (*Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 573.) We consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) "However, we neither 'weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.' " (*Soukup*

4

*v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3, quoting *HMS Capital, Inc. v. Lawyers Title Co*. (2004) 118 Cal.App.4th 204, 212.)

Here, the causes of action Ms. Jovaag asserts in her cross-complaint are related to Janus's liquidation and deposit of funds with the court from Ms. Jovaag's account. Specifically, Ms. Jovaag alleges causes of action for fraud, intentional infliction of emotional distress and misrepresentation against both Mr. Ott and Mr. Jensen. All of these claims are based on Ms. Jovaag's allegation that Mr. Ott and Mr. Jensen fraudulently obtained the judgment in the underlying action and the subsequent writ of execution that allowed Janus to liquidate the funds in her account. Mr. Ott's and Mr. Jensen's acts of which Ms. Jovaag complain were taken to vindicate Mr. Ott's rights through the litigation process. As such, they were " 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).)" (*Equilon, supra*, 29 Cal.4th at p. 67.)

Ms. Jovaag mistakenly asserts the anti-SLAPP statute is related only to actions with a connection to a *public* issue. On the contrary, the anti-SLAPP protects all petition-related activity, whether or not they are connected with a *public* issue. (§ 425.16, subd. (e).) This, of course, would include Janus' interpleader *and* the resultant deposit of funds with the court.

Mr. Ott and Mr. Jensen meet their initial burden of establishing that Ms. Jovaag's claims in the cross-complaint arise from protected activity within the meaning of section 425.16. As a result, we must consider whether Ms. Jovaag has demonstrated a possibility of prevailing on her claims. (§ 425.16, subd. (b)(1).)

Mr. Ott's and Mr. Jensen's conduct of securing the judgment in the underlying action and seeking the writ of execution for liquidation of funds in Ms. Jovaag's Janus account was privileged under the litigation privilege as set forth in Civil Code section 47,

5

subdivision (b), which protects for a statement made in a judicial proceeding or "in any other official proceeding authorized by law . . . ." The application of the litigation privilege prevents Ms. Jovaag from succeeding on her action in the complaint.

Ms. Jovaag incorrectly asserts that the litigation privilege does not apply to "unlawful conduct," such as the fraud she alleges Janus committed. The question of the lawfulness of Janus's conducted, however, was directed at the first step of the SLAPP analysis. The privilege remains "relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 323.) Indeed, the court emphasized that "the question of whether the defendant's underlying conduct was illegal as a matter of law is preliminary, and unrelated to the second prong question of whether the plaintiff has demonstrated a probability of prevailing, and the showing required to establish conduct illegal as a matter of law—either through defendant's concession or by uncontroverted and conclusive evidence—is not the same showing as the plaintiff's second prong showing of probability of prevailing." (*Id.* at p. 320.)

" 'The principal purpose of [the litigation privilege] is to afford litigants and witnesses [citation] the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions. [Citations.]' [Citation.] In order to achieve this purpose of curtailing derivative lawsuits, we have given the litigation privilege a broad interpretation." (*Action Apartment Ass'n, Inc. v. City* of *Santa Monica* (2007) 41 Cal.4th 1232, 1241, quoting *Silberg v. Anderson* (1990) 50 Cal.3d 205, 213.) "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that ha[s] some connection or logical relation to the action." (*Silberg v. Anderson, supra*, 50 Cal.3d at p. 212.)

Here, as we have discussed, the focus of Ms. Jovaag's causes of action against Mr. Ott and Mr. Jensen in her complaint was their conduct associated with securing the judgment in the underlying action, and the writ of execution to liquidate Ms. Jovaag's funds in her Janus account.  Mr. Ott's and Mr. Jensen's actions are protected by the litigation privilege, and as a result, Ms. Jovaag has no chance of success on her claims. Mr. Ott's and Mr. Jensen's anti-SLAPP motion, and the dismissal of Ms. Jovaag's cross-complaint was proper in this case.

## DISPOSITION

The order appealed from is affirmed.


_____
                           RUSHING, P.J.




WE CONCUR:






_____
            PREMO, J.






_____
            ELIA, J.

7